IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY E. PARRISH,
      Petitioner,

vs.                                      Case No. 3:10cv32/MCR/MD

MICHAEL BABCOCK,
      Respondent.

## REPORT AND RECOMMENDATION

This cause is before the court upon an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 5), and respondent's motion to dismiss the petition at moot (doc. 16). Petitioner has not responded to the motion, although given the opportunity to do so (doc. 17).[1] For the reasons that follow, the undersigned recommends that respondent's motion be granted and the amended petition dismissed.

## DISCUSSION

In this habeas action, petitioner claims the Federal Bureau of Prisons' ("BOP's") failure to transfer him to a Residential Re-Entry Center ("RRC")[2] to serve

---

[1] On July 20, 2010, the court issued an order (doc. 17) directing petitioner to respond to respondent's motion. A copy of the order was mailed to petitioner at his address of record, FPC Pensacola; however, it was returned as undeliverable on July 27, 2010, marked "Transferred or Released; Forwarding Order Expired." (Doc. 18). A copy of the order was re-mailed to petitioner at the address provided on the Federal Bureau of Prisons' website: CCM Montgomery, Community Corrections Office, Maxwell AFB, Bldg. 1209, Montgomery, AL 36112. (Doc. 18). That mail was not returned. Nonetheless, petitioner has not responded to the July 20, 2010 order.

[2] An RRC is a correctional facility. Prior to March 31, 2006, RRCs were referred to as Community Corrections Centers (CCCs). They are commonly known as halfway houses.

the final twelve months of his imprisonment (from October 23, 2009 to October 23, 2010) contravenes 18 U.S.C. § 3624(c). (Doc. 5, p. 3; Doc. 6, p. 1). As relief, he seeks "[to] be immediately transferred out of Respondent's custody and into pre-release, community confinement." He also requests monetary damages "in the amount of $2,500 per day for each day of deliberate, wrongful incarceration." (Doc. 5, p. 6). Respondent requests dismissal of the petition as moot, arguing that on May 24, 2010, petitioner was transferred to an RRC for the remainder of his sentence. (Doc. 16, Attach. 1, Dubin Aff.). Respondent additionally indicates, and information on the BOP's website confirms, that petitioner was released from BOP custody on October 22, 2010. (*Id.*, *see also* http://www.bop.gov).

**Statutory and Regulatory Framework**

**Previously, 18 U.S.C. § 3624(c) directed that the BOP:**

**shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.**

**18 U.S.C. § 3624(c),** *amended*, **Pub.L. No. 110-199, Title II, § 251(a), 122 Stat. 657 (2008). The Second Chance Act of 2007, enacted on April 9, 2008, altered the BOP's authority in making RRC placement decisions under 18 U.S.C. § 3624(c). That section now provides:**

**(1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.**

>    **(2) Home confinement authority.-The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.**
>
>    **(3) Assistance.-The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.**
>
>    **(4) No limitations.-Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.**

18 U.S.C. § 3624(c)(1)-(4). The Act also amended § 3624(c) to require:

>    **(6) Issuance of regulations.-The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is-**
>
>    **(A) conducted in a manner consistent with section 3621(b)[3] of this title;**
>
>    **(B) determined on an individual basis; and**
>
>    **(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.**

18 U.S.C. § 3624(c)(6) (footnote added).

The BOP amended its regulations on October 21, 2008, to provide for placement in an RRC for up to twelve (12) months. *See* 28 C.F.R. § 570.21; 73 Fed. Reg. 62440, 62443 (Oct. 21, 2008). Section 570.21 now provides, in pertinent part:

>    **(a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and**

---

[3] Under § 3621(b), the BOP may designate that a prisoner be housed in a facility that it determines is "appropriate and suitable, considering," among other factors, "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . ; and (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621(b)(1)-(5).

*Case No: 3:10cv32/MCR/MD*

> programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

28 C.F.R. § 570.21.

It is petitioner's contention that the BOP failed to follow its own directives and the statutory requirements of the Second Chance Act when it failed to transfer him to an RRC on October 23, 2009. (Doc. 6).

## Mootness

Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). The case or controversy requirement continues through all stages of federal judicial proceedings, and requires that parties have a personal stake in the outcome. *Lewis*, 494 U.S. at 477-478, 110 S.Ct. 1249. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (quoting *Lewis*, 494 U.S. at 477, 110 S.Ct. 1249). A federal court lacks the power to decide questions that cannot affect the rights of litigants before it. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] claim is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). When a party "has already received the relief that he is seeking from this Court, . . . the issue is no longer live" and the case is moot. *United States v. Beltran-Gabito*, 280 F. Appx. 861, 863 (11th Cir. 2008) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)).

In the habeas context, a prisoner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7, 118 S.Ct. 978. Once a sentence has expired, however, some continuing injury, also referred to as a "collateral consequence," must exist for the action to continue. *Id*. The Supreme Court has previously been willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the conviction that is challenged. *Cafaras v. LaVallee*, 391 U.S. 234, 237-238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). However, where a petitioner is challenging only the legality of his sentence, rather than the underlying conviction itself, this presumption no longer applies. *Lane v. Williams*, 455 U.S. 624, 632, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982);[4] *Spencer*, 523 U.S. at 14.[5] Release from custody renders a habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence. *Spencer*, 523 U.S. at 14.

Here, petitioner does not challenge the validity of his conviction. He challenges only the BOP's execution of the incarceration portion of his sentence – the procedures used to determine what portion of his incarceration should be spent at an RRC. As relief, petitioner requests "[to] be immediately transferred out of Respondent's custody and into pre-release, community confinement." (Doc. 5, p.

---

[4] In *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), the Court declined to extend the presumption of collateral consequences in the context of a challenge to a mandatory parole violator term when, during the pendency of the litigation, the term had expired. *Id*. at 632-33, 102 S.Ct. 1322.

[5] In *Spencer*, the Court "decline[d] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation," *Spencer*, 523 U.S. at 14, 118 S.Ct. 978, once that term had expired. As in *Lane*, the fact that the parolee was not challenging the validity of his conviction factored heavily in the decision not to presume collateral consequences.

6). But the record establishes that during the pendency of this action, petitioner was released to an RRC and eventually released from the incarceration portion of his sentence. Therefore, petitioner presently has no interest in the procedures followed by the BOP in considering how much of his sentence should be served at an RRC. Moreover, this court can no longer provide him the relief he seeks – immediate placement at an RRC. Accordingly, petitioner's habeas claims must be dismissed as moot. *See, e.g., Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009) (holding that § 2241 petition challenging the BOP's failure to transfer the petitioner to an RRC was rendered moot by the petitioner's placement in an RRC and subsequent release from custody to a term of supervised release; "Because Demis already was transferred to a CCC and now has been released from custody, no actual injury remains that the Court could redress with a favorable decision in this appeal. We therefore must dismiss Demis' appeal as moot."); *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (dismissing § 2241 appeal as moot because inmates had received the requested relief of placement in an RRC); *Muniz v. Sabol*, 517 F.3d 29, 34 (1st Cir. 2008) (federal prisoner's § 2241 challenging BOP's denial of placement in an RRC was mooted by petitioner's release from custody); *see also Walker v. Sanders,* No. 09-56380, 2010 WL 2640358 (9th Cir. July 1, 2010) (affirming district court's dismissal of § 2241 petition as moot, where petition challenged BOP's determination concerning RRC placement and sought immediate transfer to an RRC, and petitioner was placed at an RRC during pendency of the proceeding); *Laor v. Federal Bureau of Prisons*, 340 Fed. Appx. 771 (3rd Cir. Aug. 19, 2009) (holding that federal prisoner's release to RRC rendered moot § 2241 petition challenging BOP's pre-release custody policies and seeking placement in pre-release custody; prisoner demonstrated no concrete and continuing injury or collateral consequence that remained after placement in an RRC); *McKinney-Bey v. Hawk-Sawyer*, No. 03-6455, 69 Fed. Appx. 113 (4th Cir. May 29, 2003) (affirming dismissal of § 2241 petition as

moot, where petitioner sought immediate transfer from prison to half-way house, and petitioner received transfer prior to consideration by Court of Appeals).[6]

Monetary Damages

The respondent's motion does not address petitioner's request for monetary relief. Nonetheless, petitioner's money damages claim also requires dismissal, as habeas corpus cannot be used to obtain money damages. *See Preiser v Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) (dicta) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *see Nelson v. Campbell*, 541 U.S. 637, 646, 124 S.Ct. 2117, 2124, 158 L.Ed.2d 924 (2004) (noting that "damages are not an available habeas remedy"); *see also Preiser*, 411 U.S. at 484, 93 S.Ct. 1833 ("It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). An action for money damages is properly pursued by way of a civil rights action.

## CONCLUSION

Petitioner's main objective in bringing this habeas action was pre-release transfer to an RCC. Since petitioner was released to an RRC and has now been released from incarceration, there is no longer a case or controversy to litigate.

---

6 *See also, e.g., Swims v. Hickey*, No. 2:08cv112, 2009 WL 2341433 (S.D. Ga. July 29, 2009) (dismissing § 2241 petition as moot where petitioner sought relief in the form of placement into an RRC and a six month reduction to enter the RRC – "Because Swims was released on February 27, 2009, there is no longer a live case or controversy to be litigated in this Court."); *Green v. Grayer*, No. 1:09cv473, 2010 WL 398112 (N.D. Ga. Jan. 25, 2010) (dismissing § 2241 petition as moot, where petitioner sought an order directing the BOP to consider him in good faith for placement in an RRC for six months and home confinement for six months, and during pendency of proceeding petitioner was transferred to an RRC); *Walton v. Smith*, No. 1:09cv1285, 2010 WL 2836320 (C.D. Ill. July 15, 2010) (holding that it appeared § 2241 petition claiming denial of due process and equal protection by the BOP's failure to place prisoner in an RRC for the last twelve months of his sentence was mooted by prisoner's release to an RRC); *Hestand v. Zych*, No. 5:08cv14207, 2010 WL 1948629 (E.D. Mich. May 13, 2010) (dismissing § 2241 petition as moot, where petitioner (who had been sentenced to a term of incarceration followed by supervised release) challenged the BOP's determination regarding the time for which he was eligible for RRC placement; "Because Petitioner has been . . . placed [in an RRC], there is no further relief that the Court may provide him.").

*Case No: 3:10cv32/MCR/MD*

Therefore his habeas claims are moot. His damages claims are not cognizable in this habeas corpus action.

Accordingly it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 16) be GRANTED.
2. That petitioner's habeas claims be DISMISSED as moot.
3. That petitioner's money damages claim be DISMISSED without prejudice.
4. That the Clerk be directed to close the file.

At Pensacola, Florida this 9th day of November, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).